# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWIN PRESTON | * | |
| Petitioner | * | |
| v | * | Civil Action No. PJM-10-1727 |
| U.S. PAROLE COMMISSION | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

Pending is Edwin Preston's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the computation and execution of his sentence by the U.S. Parole Commission ("Commission").[1] By its counsel, the Commission moves to dismiss the Petition as moot.[2] After review of the pleadings, exhibits and applicable law, the Court will dismiss the Petition as moot.

PETITIONER'S CLAIMS

Preston claims that the Commission failed to: 1) correctly apply the District of Columbia "Good Time Credit Act"; 2) the District of Columbia Department of Corrections prepared a "face sheet" on May 18, 1998 showing Preston's full term date as December 1, 2009; and 3) the Commission improperly incarcerated him for eighteen months beginning in 2007 when his technical violation called for a sanction of six to nine months. Preston asserts that he is entitled to habeas corpus relief because his sentence has expired.

---

[1] This case was transferred to the District of Maryland from the United States District Court for the District of the District of Columbia on June 28, 2010. *See* Case DDC-1-10-cv 00069.

[2] Preston was provided notice of his opportunity to file a reply, but he has not done so. ECF No. 12.

BACKGROUND

On April 1, 1998, the Superior Court of the District of Columbia sentenced Preston to a sixty-month and 180-day term of incarceration for carrying a pistol without a license and possession of cocaine. ECF No. 11 Exhibit A-1. On May 7, 1998, the Superior Court sentenced Preston to a consecutive six-year, 180-day term of imprisonment for obstruction of justice and simple assault. ECF No. 11, Exhibits A-1 and A-2. On December 5, 2001, the Commission paroled Preston from these sentences. ECF No. 11, Exhibit A-3.

A revocation hearing was held on May 18, 2006, at which the Commission revoked the 2001 parole, denied Preston credit for time spent on parole, and continued him to a reparole date of July 15, 2007. ECF. No. 11, Exhibit A-4. The Federal Bureau of Prisons computed Preston's sentence expiration, including loss of time on parole, as March 5, 2014. ECF No. 11, Exhibit A-6, p. 2. Preston was again paroled on July 13, 2007. ECF No. 11, Exhibit A-7. On August 9, 2010, the Commission terminated Preston from parole supervision and the remainder of his sentences. ECF No. 11, Exhibit A-8.

DISCUSSION

Preston has been terminated from parole the remainder of his sentences. Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. *See Lewis v. Continental Bank Corporation*, 494 U.S. 472, 477 (1990); *Nakell v. Attorney General of North Carolina,* 15 F.3d 319, 322 (4th Cir. 1994). Since Petitioner's release from custody, the redress he requests can no longer be provided, thereby rendering the case moot. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992). (explaining that for a controversy to be moot, it must lack at least one of the three required

elements of Article III standing: injury-in-fact, causation, or redress). Accordingly, the Motion to Dismiss the Petition as moot will be granted by separate Order.

December 22, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE